*84
 
 Weygandt, C. J.
 

 The record discloses that each of the four annuities had been purchased for the appellee by her former husband for a single premium or consideration. Under the terms of the annuity contracts the appellee is to receive a total monthly income of $625 during her life or until she remarries. But each contract also contains a refund guaranty which provides that if the appellee should die or remarry before the total sums paid to her shall equal the consideration or premium paid for the contract, then similar monthly payments shall be made to the former husband until the aggregate payments shall equal the consideration or premium.
 

 The record discloses further that the total consider- • ation or premiums for the four contracts was $128,-606.50. It is shown also that the total consideration or premiums for the four contracts with the annuity features alone and without the refund guaranties would have been $110,895.60. It was this latter, smaller figure that the appellee listed in the questioned return. The Tax Commissioner held that this was incorrect and that the larger figure should have been used. However, the Board of Tax Appeals held that the smaller figure returned by the appellee was proper.
 

 Section 5328-1, General Code, provides that “all * * * investments * * * of persons residing in this state shall be subject to taxation * *
 

 As defined in Section 5323, General Code, the term “investments” includes annuities.
 

 Under the provisions of Section 5638, General Code, an annual tax of five per centum of the income yield is levied on investments.
 

 In Section 5389, General Code, “income yield” is defined as follows:
 

 “ ‘Income yield’ as used in Section 5388 of the General Code and elsewhere in this title means the aggre
 
 *85
 
 gate amount paid as income by the obligor, trustee or' other source of payment to the owner or owners, or holder or holders of an investment, whether including the taxpayer or not, during such year, and includes the following:
 

 it* * # in case 0f annuities or other obligations for periodical installment payments including both principal and interest, not separately charged and paid, four per centum of half the principal used to purchase, the same * *
 

 It is the contention of the appellant that the annuity feature cannot be separated from that of the refund guaranty, and that therefore the entire amount paid for the four contracts must be considered to be the cost of the annuities. However, it is conceded that the cost of the contracts was $128,606.50 and that without the refund guaranty the cost would have been $110,895.60. Likewise, it is undisputed that the expenditure of the additional amount purchased nothing of benefit to the appellee. Her total monthly income from the contracts remained the same, and she has no interest in the refund guaranty features. There is nothing in the statutes requiring her to pay a tax on an interest she does not have.
 

 In the case of
 
 Bowman
 
 v.
 
 Tax Commission,
 
 135 Ohio St., 295, 20 N. E. (2d), 916, a majority of this court held that part of a somewhat similar contract was taxable (an annuity), and that another part (life insurance) was exempt. However, the appellant correctly observes that in that case each contract contained a statement showing the amount of consideration for each feature. While the contracts in the instant case contain no such statement, this deficiency is remedied by evidence in the form of a stipulation supplying the figures.
 

 
 *86
 
 The decision of the Board of Tax Appeals is correct and must he affirmed.
 

 Decision affirmed.
 

 Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.